ANNIE BLUMKIN AND SAMUEL BLUMKIN, PLAINTIFFS, v. ABRAHAM SHYOWITZ AND MOLLIE SHYOWITZ, DEFENDANTS.

Argued May 5, 1926—Decided November 13, 1926.

Negligence—Dangerous Condition of Stairs of Apartment-House —Tenant, While on Business to Floor Above the One She Occupied, was Injured as Result of Imperfect Condition of Stairway—Landlord Had Due Notice of Disrepair of the Stairs—Held, Verdict Not Excessive Nor Against Weight of Evidence, and Refusal to Nonsuit Properly Denied.

On defendants' rule to show cause why plaintiffs' verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Jacob I. Jaffe* and *Weinberger & Weinberger*.

*Contra, Feder & Rinzler* and *Ward & McGinniss*.

PER CURIAM.

The defendants owned and controlled an apartment-house. The plaintiffs (husband and wife) were tenants on the first

floor.   On January 15th, 1923, the wife had occasion to go to the second floor at eight P. M. to visit another tenant on business.   When she undertook to return to the first floor from the second floor, the hall of which was poorly lighted, she fell down the stairs and was injured.

The wife recovered a verdict of $1,500 and the husband $1,000, and the defendants obtained this rule to show cause why such verdicts should not be set aside.

The evidence on the part of the plaintiffs at the trial tended to show, and did show quite clearly, that the floor of the corridor on the second floor near the top of the stairs was defective in that the tile was broken, leaving a considerable hole therein; that the metal strips on the nose of the top step, and some of the other steps, leading from the second floor to the first floor, were defective, loose and standing upright above the steps, and that the defendants had definite notice at least six weeks prior to the accident of this state of disrepair.

The evidence further tended to show that the woman-plaintiff, in trying to avoid the hole in the tile, tripped over the defective stripping on the nose of the stairs and was thus precipitated down the stairway, and thereby injured.   It seems quite clear from the testimony that the hole existed, and that the defective stripping existed, and the testimony of the people who heard the scream of the woman-plaintiff and examined the conditions immediately afterward, was to the effect that the left slipper of the woman was caught in the defective stripping and remained there after her fall.

We think the motions to nonsuit and to direct a verdict for the defendants were properly denied.   The questions of negligence of the defendants, and of alleged contributory negligence of the wife, were proper jury questions, and we cannot say the verdict was against the great weight of the evidence.

We do not think that the verdict was excessive; manifestly, it was not excessive so far as the verdict for $1,500 for the wife was concerned, and neither do we think it was excessive so far as the husband was concerned.   He paid out up-.

wards of $200 in cash for expenses, and lost the services of his wife and her companionship and society for a considerable time.

We have examined with care the other points made by the defendants. We find no error in the admission or rejection of evidence, nor in the charge of the court, nor in the refusal to charge as requested.

The rule to show cause will be discharged.